SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

647
CAF 10-00514
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF ZACHARY T.
-------------------------------------
GENESEE COUNTY DEPARTMENT OF SOCIAL                    MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

ALAN D.T., SR., RESPONDENT-APPELLANT.

---

MARY ANN BLIZNIK, CLARENCE, FOR RESPONDENT-APPELLANT.

PAULA A. CAMPBELL, BATAVIA, FOR PETITIONER-RESPONDENT.

LINDA M. JONES, ATTORNEY FOR THE CHILD, BATAVIA, FOR ZACHARY T.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered February 1, 2010 in a proceeding pursuant to Family Court Act article 10.  The order, inter alia, adjudged that the subject child is a neglected child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondent father appeals from an order that, inter alia, adjudicated the child who is the subject of this proceeding to be a neglected child.  We conclude that Family Court properly determined following a fact-finding hearing that the father neglected the child by failing to protect him from being sexually abused by his older brother and his cousin.  The child's older brother testified that the father was aware of their sexual activity but took no action to prevent it from continuing.  That testimony was corroborated by sworn statements that the child made to a police investigator.  Under the circumstances, the court properly concluded that petitioner established by a preponderance of the evidence that the sexual abuse to which the child was subjected was "a consequence of the failure of the [father] . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368).

We reject the father's contention that the court erred in determining that the child was derivatively neglected as a result of the father's sexual abuse of his nephew, whose family shared a house with the father and his family during the relevant time period.  We conclude that the father was the "functional equivalent of a parent in a familial or household setting" with respect to his nephew (*Matter of Yolanda D.*, 88 NY2d 790, 796), and that his nephew was therefore "the

legal responsibility of" the father within the meaning of Family Court Act § 1046 (a) (i).